IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ROYCE BELCHER,
    Plaintiff,

-vs-

WILLIAMSON COUNTY, TEXAS,
DEPUTY JEREMY ELLISON, in his
individual capacity, and DEPUTY
GUADALUPE GUANA, in his individual
capacity,
    Defendants.

CAUSE NO.:
AU-17-CA-00153-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Defendant Williamson County, Texas's Motion to Dismiss [#17], Plaintiff Royce Belcher's Response [#20] in opposition, and Williamson County's Reply [#21] in support. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background[1]

This is an excessive force case.[2] On April 12, 2015, Belcher was standing near a bridge outside of Taylor, Texas when Williamson County Sheriff's Deputy Jeremy Ellison approached and stated an anonymous person had complained about Belcher. Am. Compl. [#16] at 3. The substance of the anonymous complaint is unknown at this time. *Id.* Deputy Ellison requested to

---

[1] For purposes of assessing the pending motion to dismiss, all facts are drawn from Belcher's complaint.
[2] Belcher arguably attempts to bring a claim for malicious prosecution in addition to his excessive force claims. *See* Am. Compl. [#16] at 9 (alleging defendants violated Belcher's Fourth and Fourteenth Amendment rights when they "used excessive force . . . and prosecuted him for assault on a public servant and resisting arrest" without probable cause). There is no constitutional tort of malicious prosecution in the Fifth Circuit, *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003), and Belcher does not otherwise explain what sort of claim he is attempting to bring. Accordingly, to the extent Belcher has asserted a claim for malicious prosecution, the Court GRANTS the Motion to Dismiss [#17] as to that claim.

1

search Belcher and Belcher consented. *Id.* Deputy Ellison then attempted to arrest Belcher. *Id.* Though Belcher did not physically resist arrest, Deputy Ellison threw Belcher to the ground, drew a steel baton, and began to beat Belcher, breaking his nose, injuring his jaw, concussing him, and breaking Belcher's arm and wrist. *Id.* Deputy Ellison also inflicted injuries on Belcher's neck, spine, shoulders, ribs, knees, and pelvis. *Id.* Deputy Guadalupe Guana arrived on the scene while Deputy Ellison was beating Belcher but did nothing to intervene. *Id.* at 5. Though a civilian eyewitness was present, the Deputies told him to leave. *Id.* Eventually, the beating ceased, and Belcher was taken to the hospital. *Id.* Deputy Ellison accompanied Belcher to the hospital and told Belcher the Deputies were waiting for his heart monitor to quit beeping so they would know he was dead. *Id.*

Subsequently, based upon affidavits produced by Deputies Ellison and Guana, Belcher was charged with assaulting a peace officer and resisting arrest. Belcher alleges Deputies Ellison and Guana lied in these affidavits. *Id.* The charges against Belcher were later dismissed. *Id.*

Belcher alleges that Deputies Ellison and Guana were not retrained or disciplined for their conduct with respect to Belcher's arrest and that Williamson County has a policy, practice, or procedure of failing to retrain or discipline deputies who use excessive force against citizens and then submit false affidavits to justify their actions. *Id.* at 5–10. Specifically, Belcher points to six instances over the last thirteen years in which Williamson County deputies engaged in improper conduct or used excessive force but were not subsequently disciplined. *Id.* Belcher also broadly alleges Deputy Ellison has previously "engaged in other acts of excessive force" for which he was not disciplined. *Id.* Belcher does not offer any specifics regarding these prior purported uses of excessive force. *Id.* Finally, Belcher broadly alleges there have been "many dozens of cases" in which Williamson County has unsuccessfully sought a grand jury indictment

for felony crimes, yet "no [Williamson County] deputy has been disciplined, retrained, or fired for charging people [with] felony crimes without probable cause." *Id.*

In February 2017, Belcher brought this action under 42 U.S.C. § 1983 alleging three distinct but related claims: an excessive force claim against Deputy Ellison, a bystander claim against Deputy Guana, and a *Monell* claim against Williamson County. Am. Compl. [#16]. Williamson County has now brought a motion to dismiss for failure to state a claim. Mot. Dismiss [#17]. This pending motion is ripe for review.

## Analysis

### I. Legal Standard

The Federal Rules of Civil Procedure require each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include sufficient factual allegations, accepted as true, to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. FED. R. CIV. P. 12(b)(6). When a district court reviews a motion to dismiss pursuant to Rule 12(b)(6), it must construe the

3

complaint in favor of the plaintiff and take all well-pleaded facts as true. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

Belcher argues Williamson County (1) ratified the actions of Deputies Ellison and Guana when it failed to discipline or retrain the Deputies following their alleged use of excessive force against Belcher, (2) has unconstitutional policies, practices, and procedures which promote the use of excessive force, and (3) has failed to train, discipline, or supervise its deputies in general. Am. Compl. [#16] at 10. The Court addresses these arguments in turn.

### A. Ratification

Belcher alleges Williamson County ratified Deputies Ellison and Guana's conduct by failing to discipline them for their alleged use of excessive force. Am. Compl. [#16] at 10. In the Fifth Circuit, an authorized policymaker such as the Williamson County Sheriff who ratifies both a subordinate's decision and the basis underlying the decision may subject the municipality to liability in "extreme factual situations." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009) (citing *Snyder v. Trepagnier*, 142 F.3d 791 (5th Cir. 1998)); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) ("If the authorized policymakers approve a

4

subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final."). However, a policymaker who merely defends subordinates who are later shown to have engaged in unlawful conduct does not necessarily incur liability on behalf of the municipality. *Peterson*, 588 F.3d at 848 (citing *Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986).

Belcher has not stated a cognizable ratification claim. For one, Belcher does not explain how this case presents "an extreme factual scenario" such that ratification might be appropriate, and the Court concludes the Deputies' alleged use of excessive force against Belcher does not constitute an "extreme factual scenario" under *Snyder*. Resp. Mot. Dismiss [#20]; *cf. Snyder*, 142 F.3d 797–98 (holding ratification is an appropriate basis for imposing municipal liability only in "extreme factual situations" and declining to impose municipal liability where police shot fleeing but unarmed suspect in the back). In addition, Belcher does not explain how Williamson County's failure to discipline the Deputies for their allegedly unlawful conduct acts to ratify a county policy condoning the use of excessive force. *See Ledbetter*, 780 F.2d at 1161–62 ("[The policymaker] did not defend lawless conduct, and it is unreasonable to infer from his defense of his men a county policy approving reckless police behavior.").

In sum, the Court finds Belcher has failed to provide a legal or factual basis for concluding Williamson County ratified the Deputies' decision to use excessive force against Belcher.

### B. Unconstitutional Policy, Practice, or Procedure

Municipalities and other local governments may incur § 1983 liability where official policy or custom causes a constitutional violation. *Bennet v. City of Slidell*, 728 F.2d 762, 766 (5th Cir. 1984). To state a claim against a municipality under § 1983, the plaintiff must identify:

5

(1) a policymaker; (2) an official policy; and (3) a "violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Official policy may be found in "written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Peterson*, 588 F.3d at 847; *Piotrowski*, 237 F.3d at 581–82.

Belcher alleges Williamson County has a policy, practice, and custom of condoning its deputies' use of excessive force and of failing to train, discipline, or supervise its deputies. Am. Compl. [#16] at 9–10. Yet Belcher does not directly reference a single written policy, ordinance, or regulation in support of his contention that the County has a policy promoting the use of excessive force. Therefore, in order to state a claim against the municipality under § 1983, Belcher must point to an unwritten practice or policy which is "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Peterson*, 588 F.3d at 847

In support of his claim that Williamson County has a custom of condoning the use of excessive force, Belcher points to six other instances between 2005 and 2017 in which the County deputies allegedly engaged in untoward conduct without incurring any subsequent repercussions or disclipline. Am. Compl. [#16] at 6–8. Of these six instances, only four involved the alleged use of excessive force, and one[3] has no connection to this case at all. *Id.* Belcher also alleges Deputy Ellison has previously engaged in other acts of excessive force without receiving any discipline, though Belcher does not allege any specific facts in support of this conclusory assertion. *Id.* at 7.

---

[3] Specifically, Belcher alleges a Williamson County deputy issued a disorderly conduct citation to a motorist who made an obscene gesture at the deputy. *Id.* This allegation has nothing whatsoever to do with the excessive force allegations at issue here.

The Court finds Belcher has failed to allege facts suggesting Williamson County has an unwritten practice, policy, or custom condoning the use of excessive force by its deputies. Belcher has not alleged facts suggesting the relevant policymaker—the County Sheriff—propagated or condoned an unwritten policy, practice, or custom leading to the disciplinary failures complained of by Belcher. *See* Am. Compl. [#16] at 9–10; *Peterson*, 588 F.3d at 847 ("A policy or custom is official only when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy." (internal quotation marks omitted)). Belcher has also failed to allege the unidentified practice, policy or custom perpetuated by Williamson County is the "moving force" behind the allegations of excessive force put forward by Belcher. *Id.* at 848 ("A plaintiff must establish that the policy was the moving force behind the violation."). Accordingly, Belcher has failed to state a claim against Williamson County under § 1983 for propagation of an unconstitutional policy, practice, or custom.

### C. Failure to Train or Supervise

To establish a § 1983 claim for failure to train or supervise, a plaintiff must show: "(1) the supervisor either failed to supervise or train a subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

Belcher has failed to plead sufficient facts to state a claim against the City under § 1983 for failure to train or supervise. Specifically, Belcher has failed to allege with any specificity *how* Williamson County's training program and policies were inadequate. Belcher has not alleged the County's training program was noncompliant with state law, nor has Belcher explained how

state-mandated training might be inadequate. *See Sanders–Burns v. City of Plano*, 594 F.3d 366, 382 (5th Cir. 2010) (affirming grant of summary judgment where the officers completed state-mandated training program and the plaintiff did not allege the state requirements were inadequate). Moreover, Belcher has not alleged Williamson County failed to require Deputies Ellison and Guana to undergo its normal training procedures, nor has he alleged the County diverged from its normal discipline procedures in addressing the Deputies' conduct. In light of the paucity of facts pled by Belcher, the Court GRANTS Williamson County's motion to dismiss as to Belcher's failure to train or supervise claim.

## Conclusion

The Court finds Belcher has not pled a plausible claim for relief against Williamson County.

Accordingly,

IT IS ORDERED that Williamson County's Motion to Dismiss for Failure to State a Claim [#17] is GRANTED and that Belcher's claims against Williamson County are therefore DISMISSED WITHOUT PREJUDICE.

SIGNED this the 15th day of March 2018.

SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE